## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re MJK Clearing, Inc., | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| JAMES P. STEPHENSON, | ) | |
| TRUSTEE FOR MJK CLEARING, | ) | |
| INC. | ) | |
| Plaintiff, | ) | Case No. 04 C 6709 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Morton Denlow |
| LEON A. GREENBLATT, BANCO | ) | |
| PANAMERICANO, INC., LOOP | ) | |
| CORP., NOLA L.L.C., and | ) | |
| REPURCHASE CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 4, 2004, the United States Bankruptcy Court for the District of Minnesota entered a second amended judgment (the "Amended Judgment") in favor of James P. Stephenson, Trustee of MJK Clearing, Inc. ("Trustee"), and against Defendants Leon A. Greenblatt ("Greenblatt"), Banco Panamericano, Inc. ("Banco"), Loop Corp. ("Loop"), Nola L.L.C. ("Nola"), and Repurchase Corp. ("Repurchase") (collectively "Defendants"). The United States Court of Appeals for the Eighth Circuit affirmed the Amended Judgment shortly thereafter. *In re MJK Clearing, Inc.*, 408 F.3d 512 (8th Cir. 2005). Under the Amended Judgment, Repurchase, Loop, Nola, and Banco were ordered to "transfer to the

[Trustee] $3,000,000.00 worth of tax credits pursuant to the letter agreement signed on July 12, 2001." Amended Judgment at ¶ 5. This was the only portion of the Amended Judgment entered against Nola. The Trustee has now filed a Motion for Turnover Order From Nola, L.L.C. ("Motion for Turnover") in which he seeks an order compelling Nola to turn over "[a]ll of the issued and outstanding stock of South Beach Securities, Inc." in its possession in partial satisfaction of the Amended Judgment against Nola. Motion for Turnover, ¶ 6. The Court conducted oral argument on February 12, 2007, announced its ruling from the bench, and indicated that it would issue a written opinion to provide a further explanation for its ruling. For the following reasons, the Court denies the Trustee's Motion for Turnover without prejudice.

## I. BACKGROUND

Despite extensive collection efforts, the Trustee claims he has been paid only $575 on the Amended Judgment, and that he has not yet received any transfer of tax credits. Nola, meanwhile, is currently in bankruptcy. In *In re Nola LLC*, Case No. 05-16682, in the United States Bankruptcy Court for the Northern District of Illinois, Nola identified as among its personal property "[a]ll of the issued and outstanding stock of South Beach Securities, Inc." Exhibit B to Motion for Turnover, at 2.

On September 21, 2006, a citation to discover assets was issued for Nola; the citation was served on November 6, 2006. On November 30, 2006, the Trustee filed the now-pending Motion for Turnover in which he claimed he was entitled to a turnover of "[a]ll the

issued and outstanding stock of South Beach Securities" held by Nola in partial satisfaction of the Amended Judgment against Nola. In support of his motion, the Trustee claims that Nola has failed to transfer "$3,000,000.00 worth of tax credits" as required by the Amended Judgment.

First, the Trustee argues that Nola has, despite his repeated requests, failed to provide him with necessary information regarding the tax credits. He maintains that the tax credits, obtained pursuant to 26 U.S.C. § 45, are worthless unless they can be successfully "monetized"—*i.e.*, sold to third parties for cash—and that successful monetization requires "extensive due diligence about land fill gas and compliance with relevant tax laws." Trustee's Reply in Further Support of its Motion for Turnover ("Trustee's Reply"), at 4. Although Nola sent two agreements to the Trustee's attorneys in January 2004 that, if executed, purported to transfer the tax credits, the Trustee claims that he could not execute the agreements because Nola had failed to answer his repeated requests for information. According to the Trustee, Nola's refusal to help monetize the tax credits ignored its obligation under paragraph E of the parties' July 12, 2001 letter agreement to "take any and all action necessary to cause [the Trustee] to receive interests reflecting the benefits of up to $3,000,000 of tax credits." Exhibit B to Nola, L.L.C.'s Memorandum in Opposition to Trustee's Motion for Turnover, ¶ E.

Second, the Trustee argues that, even if Nola had provided the information necessary to monetize the tax credits, the two agreements it sent to the Trustee were "hopelessly

3

defective." Trustee's Reply, at 4. He cites six examples from the agreements which he claims show that Nola has failed to "take any and all action necessary" to transfer the $3,000,000 in tax credits to the Trustee.

Notwithstanding these two arguments, however, the Trustee alleges that the tax credits currently have no value. Therefore, he claims that even if Nola were to provide the requested information and send non-defective agreements, it could not satisfy its obligation to transfer "$3,000,000 worth of tax credits." As a result, the Trustee argues that he is entitled to a turnover of Nola's stock in South Beach Securities as partial satisfaction of the Amended Judgment against Nola.

Nola disputes the Trustee's Motion for Turnover. First, Nola argues that it satisfied its obligations under the Amended Judgment by tendering all documents necessary to transfer the tax credits to the Trustee. Specifically, it claims that neither the letter agreement of July 12, 2001, nor the Amended Judgment, requires it to assist the Trustee in monetizing the tax credits. Rather, Nola asserts that its sole responsibility was to transfer the tax credits, and that it satisfied this obligation by sending the necessary paperwork to the Trustee. Moreover, Nola points out that the Amended Judgment did not require it to pay monetary damages. It argues that the only assets that could possibly be applied to satisfy its obligations under the Amended Judgment are the tax credits, and that the Trustee's request for stock is therefore without merit.

## II. DISCUSSION

Rule 69 of the Federal Rules of Civil Procedure requires federal courts to apply "the law of the forum state" in choosing procedures to enforce federal court judgments. *Citizens Fin. Svcs. v. Atlas Fin. Corp.*, 2003 WL 21294907, *2 (N.D. Ill. Feb. 19, 2003) (citing *Cacok v. Covington*, 111 F.3d 52, 53 (7th Cir. 1997)). In Illinois, supplementary proceedings to enforce a judgment are governed by section 5/2-1402 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1402.

Under section 5/2-1402, a judgment creditor who seeks to enforce a judgment may initiate supplementary proceedings to discover assets of the judgment debtor, and may seek an order from the court "compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2-1402(a). If the court determines that the judgment has not been satisfied, it may compel the judgment debtor to deliver "money, choses in action, property or effects in his or her possession or control, so discovered," to be applied in satisfaction of the judgment. 735 ILCS 5/2-1402(c)(1). This statute is to be liberally construed, and vests courts with broad powers to enforce judgments. *Society of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1136 (7th Cir. 2001).

As explained below, however, Section 5/2-1402 does not apply in the present citation proceeding. The Court views the Amended Judgment against Nola as an injunction, and concludes that Section 5/2-1402 applies to money judgments, not injunctive relief.

Moreover, because the United States Bankruptcy Court for the District of Minnesota entered the Amended Judgment, it is the appropriate court to clarify and, if necessary, to enforce the injunction against Nola. The Court therefore denies the Trustee's Motion for Turnover without prejudice.

A.  **THE COURT LACKS AUTHORITY UNDER SECTION 5/2-1402 TO ENFORCE THE AMENDED JUDGMENT AGAINST NOLA.**

In relevant part, the Amended Judgment states: "Defendants Repurchase Corp., Loop Corp., Nola L.L.C., and Banco Panamericano, Inc., shall transfer to the [Trustee] $3,000,000.00 worth of tax credits pursuant to the letter agreement signed on July 12, 2001." Amended Judgment, ¶ 5. The parties disagree on the meaning of the Amended Judgment. Relying on the phrase, "$3,000,000.00 worth," the Trustee argues that he is entitled to a guaranteed sum of money: namely, the amount of money that a sale of $3 million in tax credits will generate in the marketplace. In addition, he claims that the parties' letter agreement of July 12, 2001 (the "Letter Agreement"), referenced in the Amended Judgment, requires Nola to assist him in his efforts to sell the tax credits. In contrast, Nola argues that under both the Amended Judgment and the Letter Agreement, the Trustee is only entitled to a transfer of Nola's tax credits, regardless of whether they can be "monetized."

Under either interpretation, the Amended Judgment is in the form of an injunction: Nola was either required to transfer non-monetary assets to the Trustee, or to transfer the assets and take additional action to help the Trustee sell them. Though courts in Illinois are given broad discretion under Section 5/2-1402 to apply discovered assets toward the

6

satisfaction of a judgment, *see Society of Lloyd's*, 274 F.3d at 1136, section 5/2-1402 does not explicitly authorize courts to enforce injunctive relief. In addition, the Court is not aware of any case in Illinois that has enforced an injunction through a citation proceeding under Section 5/2-1402. The Trustee's Motion for Turnover thus presents a case of first impression as to whether Section 5/2-1402 can be used to enforce injunctive relief.

After reviewing the statutory language, the Court concludes that Section 5/2-1402 does not authorize courts in Illinois to enforce injunctive relief. First, Section 5/2-1402 requires courts to apply discovered assets "toward the payment of the *amount due* under the judgment." 735 ILCS 5/2-1402 (emphasis added). As the parties' arguments in this case illustrate, there is no clear "amount due" by Nola under the Amended Judgment. Even more telling, Section 5/2-1402(b) includes a required form for citation notices, and instructs judgment creditors to enter a dollar amount for the "Amount of Judgment." 735 ILCS 5/2-1402(b). To grant the Trustee's motion, the Court would first need to determine the dollar value of Nola's obligation to "transfer $3,000,000.00 worth of tax credits." While estimating this value is certainly not impossible, Section 5/2-1402 does not contemplate this intermediate step.

Had the United States Bankruptcy Court for the District of Minnesota entered a monetary judgment against Nola, the Trustee's motion would present a different case. *See Schak v. Blom*, 334 Ill. App. 3d 129, 133 (2002). But as in the instant case, Section 5/2-1402

7

does not authorize the Court to estimate the dollar value of an injunction in order to enforce it.

B. **THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MINNESOTA IS THE APPROPRIATE COURT TO ENFORCE THE AMENDED JUDGMENT AGAINST NOLA.**

Having determined that the Amended Judgment is in the form of an injunction and that Section 5/2-1402 does not authorize courts in Illinois to enforce injunctive relief, the Trustee's motion is more along the lines of a motion for a rule to show cause why Nola should not be held in contempt for violating the Amended Judgment. In federal court, a party who seeks to enforce an injunction may do so through civil contempt proceedings. *See Rockwell Graphics Systems, Inc. v. DEV Industries, Inc.*, 91 F.3d 914, 915 (7th Cir. 1996). In addition, because "[c]ivil contempt proceedings are part of the action from which they stem, and their purpose . . . is to secure compliance with a prior court order," *id.* at 920, a motion for rule to show cause is generally filed in the same court that issued the original injunction. *See Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 236 (1998). In this case, the issuing court was the United States Bankruptcy Court for the District of Minnesota.

The Court acknowledges that requiring the Trustee to return to Minnesota to enforce the Amended Judgment is not an ideal solution given that the parties have not appeared before that court in almost three years. In addition, because the Amended Judgment orders Nola to transfer the tax credits "pursuant to" the Letter Agreement, the terms of the Letter Agreement may also be relevant in determining the scope of Nola's obligations. The United

8

States Bankruptcy Court for the District of Minnesota, however, is better positioned to enforce its original order requiring the transfer of "$3,000,000.00 worth of tax credits."

## III.  CONCLUSION

Section 5/2-1402 of the Illinois Code of Civil Procedure does not authorize courts in Illinois to enforce injunctive relief.  The Amended Judgment against Nola is in the form of an injunction, not a monetary judgment.  The Court therefore concludes that it lacks authority under Section 5/2-1402 to grant the Trustee's Motion for Turnover.  The United States Bankruptcy Court for the District of Minnesota issued the injunction in this case and is in the best position to interpret and enforce it. The Trustee should proceed before the United States Bankruptcy Court for the District of Minnesota to enforce this portion of the injunction. **Accordingly, Plaintiff's Motion for Turnover Order is denied without prejudice.**

**SO ORDERED THIS 23rd DAY OF FEBRUARY, 2007.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

William J. McKenna
Michael J. Small
Martin J. Bishop
Jennifer L. Gregor
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610

Counsel for Plaintiff

Louis D. Bernstein
Christina B. Conlin
GOULD & RATNER LLP
222 North LaSalle Street
Suite 800
Chicago, IL 60601

Gregory J. Jordan
Peter Schmidt
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

Mitchell L. Marinello
Allan Victor Abinoja
NOVACK & MACEY
100 North Riverside Plaza
Chicago, IL 60606

Philip C. Curley
Susan Valentine
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606

Counsel for Defendants